UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN JOSEPH SHULICK,

        Plaintiff,

                                    File No. 2:11-CV-73

v.

                                    HON. ROBERT HOLMES BELL

MICHIGAN DEPARTMENT OF,
CORRECTIONS, et al.,

        Defendants.

_____/

**ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On July 31, 2012, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation (R&R) recommending that Defendant Jesus Neri's motion to dismiss Plaintiff John Shulick's claims (Dkt. No. 22) be granted.  (Dkt. No. 76.)  This matter is before the Court on Plaintiff's objections to the R&R (Dkt. No. 94).  Also before the Court is Plaintiff's motion for relief from the Magistrate Judge's denial of his motion for reconsideration (Dkt. No. 108).

Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).  Plaintiff's objections were filed past the deadline and he was not granted an extension of time to file them.  The Magistrate Judge twice addressed the issue, denying Plaintiff's motion for an extension (Dkt. No. 93) and denying his subsequent motion for

reconsideration of that denial (Dkt. No. 107).  Now Plaintiff has filed a "Motion to Chief Judge for Relief" from the Magistrate Judge's denial of his motion for reconsideration.  This motion will be denied.  The Magistrate Judge appropriately and correctly addressed Plaintiff's prior motions, and Plaintiff has not provided any convincing justification for the Court to reconsider those motions.  Consequently, Plaintiff's objections are late, and he has waived his right to appeal.  However, even if Plaintiff's objections were filed on time, they have no merit.

This Court makes a de novo determination of those portions of an R&R to which specific objections are made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations.  *Id*.

Plaintiff raises numerous objections to the R&R's conclusions regarding his Eighth Amendment claim, but all of them are just different ways of stating two concerns: (1) the R&R did not consider the opinion of Dr. Bollmer, "a highly qualified expert in the Field of Hematology" (Dkt. No. 94, at 2); and (2) the R&R incorrectly found that Neri did not understand the nature of the risk to Plaintiff.

An Eighth Amendment claim concerning deprivation of adequate medical care has

both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component is satisfied "[w]here the seriousness of a prisoner's need [] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004). The subjective component requires a plaintiff to establish "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834).

Both of Plaintiff's objections misconstrue the R&R. First, the R&R did not address Dr. Bollmer's opinion because it chose to focus on the subjective element of the test, which depends only on the defendant physician's state of mind. Moreover, the R&R's analysis regarding the subjective element was sound.

The subjective element distinguishes between situations where a prisoner receives some care and those where he is denied care altogether. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). When "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). However, "deliberate indifference may be established in cases where it can be shown that a defendant

3

rendered 'grossly inadequate care' or made a 'decision to take an easier but less efficacious course of treatment.' " *McCarthy v. Place*, 313 F. App'x 810, 814 (quoting *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir.2002)).

The R&R correctly found that Neri did provide Plaintiff with some medical treatment: "Plaintiff was treated extensively for his alleged injuries.  Plaintiff was seen repeatedly by doctors; medical staff sent him to the hospital within a week of his injury, provided him pain medications and blood thinners for over nine months, placed him in medical segregation, consulted with a hematologist, and performed blood work and other diagnostic testing." (Dkt. No. 76 (citing Dkt. No. 22, at 7).)  This finding is supported by Plaintiff's own complaint, which alleges all of these facts, albeit couched differently.  (Dkt. No. 1.)  This level of treatment fails to evidence gross inadequacy or deliberate indifference.  To the contrary, when Plaintiff's condition worsened, he was immediately sent to the hospital to consult with a hematologist and receive blood work and diagnostic testing. (*Id.* at ¶¶ 63-64.)

Besides his own bare allegations that this treatment was inadequate, Plaintiff has provided no evidence that Neri acted with a culpable state of mind nor any evidence that any act or omission of Neri was sufficiently harmful to rise to the level of deliberate indifference. (Dkt. No. 76, at 12.)  Thus, the R&R correctly found that Plaintiff has failed to establish the subjective element of the test, and this remains true regardless of any opinion of Dr. Bollmer.

As for the second objection, the R&R never rested on an assumption that Neri was unaware of Plaintiff's medical condition.  Instead, for the same reasons asserted above, it

found that the actions Neri took to treat Plaintiff "fail to rise to the level of willful, wanton, reckless disregard for the substantial risk of serious harm to the prisoner's health and safety." (*Id.* at 12.)  The Court agrees with this conclusion.  As the R&R correctly noted, "[t]he differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim."  (Dkt. No. 76, at 11 (citing *Sanderfer v. Nichols*, 62 F.3d 151, 154-55 (6th Cir. 1995).)

While Plaintiff is correct that he may establish this subjective element of the test circumstantially (Dkt. No. 94, at 4), the circumstantial evidence available in this case – the extensive treatment provided by Neri and other medical staff – shows that Neri took any known risk of harm to Plaintiff seriously and was not deliberately indifferent.

Plaintiff also raises objections regarding the R&R's disposition of his conspiracy claim.  In particular, he alleges that he has adequately shown all the elements to make out a conspiracy claim against Neri and he objects to the R&R's reference to the Court's previous opinion on October 5, 2011 (Dkt. No. 11).  Plaintiff's objections have no merit.  The Court's previous opinion addressed Plaintiff's conspiracy claims against all named defendants, including Neri, and held that:

> Plaintiff's allegations of conspiracy are conclusory and speculative. His allegations, even viewed in the light most favorable to Plaintiff, describe a number of discrete facts that occurred over a period of time involving numerous prison employees. Plaintiff has provided no allegations establishing a link between the alleged conspirators or any agreement between them. As the Supreme Court has held, such allegations, while hinting at a "possibility" of

> conspiracy, do not contain "enough factual matter (taken as true) to suggest
> that an agreement was made." *Twombly*, 550 U.S. at 556. Instead, the Court
> has recognized that although parallel conduct may be consistent with an
> unlawful agreement, it is insufficient to state a claim where that conduct "was
> not only compatible with, but indeed was more likely explained by, lawful,
> unchoreographed . . . behavior." *Iqbal*, 129 S. Ct. at 1250. In light of the far
> more likely possibility that the various incidents complained of by Plaintiff
> were unrelated, Plaintiff fails to state a plausible claim of conspiracy.

(Dkt. No. 11, at 15-16.)  That reasoning was accurate, and the R&R was correct to rely

upon it.  Accordingly,

        **IT IS HEREBY ORDERED** that the July 31, 2012, R&R (Dkt. No. 76) is

**APPROVED** and **ADOPTED** as the opinion of the Court.

        **IT IS FURTHER ORDERED** that the motion for dismissal filed by Defendant Neri

(Dkt. No. 22) is **GRANTED**.

        **IT IS FURTHER ORDERED** that Plaintiff's motion for relief (Dkt. No. 108) is

denied.


Dated: September 18, 2012                    /s/ Robert Holmes Bell
                                             ROBERT HOLMES BELL
                                             UNITED STATES DISTRICT JUDGE