UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN JOSEPH SHULICK,

    Plaintiff,

v.

    File No. 2:11-CV-73

    HON. ROBERT HOLMES BELL

MICHIGAN DEPARTMENT OF,
CORRECTIONS, et al.,

    Defendants.

                        /

**O P I N I O N**

On May 1, 2013, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R") recommending that Defendant Sue Wilson's motion to dismiss and for summary judgment (Dkt. No. 132) be granted. (Dkt. No. 151.) This matter is before the Court on Plaintiff's objections to the R&R. (Dkt. No. 152.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

Plaintiff raises eight objections: (1) he is not an inmate at the Ionia Correctional

Facility; (2) the incidents in the complaint occurred at the Chippewa Correctional Facility and not at the Alger Correctional Facility; (3) the Magistrate Judge was prejudiced as evidenced by his reference only to Wilson's affidavit; (4) the Magistrate Judge misapplied the Rule 56 standard when he ignored Plaintiff's affidavit and the incorporated exhibits; (5) the Magistrate Judge was required to issue a ruling on Plaintiff's Rule 56(d) affidavit requesting additional time for discovery (Dkt. No. 138) before ruling on Wilson's motion for summary judgment; (6) because the Magistrate Judge did not consider any of Plaintiff's Rule 56(d) materials, he could not fairly adjudicate "all material made pertinent to such a motion by Rule 56" and thus unfairly prejudiced Plaintiff; (7) the Magistrate Judge drew clearly erroneous and contradictory conclusions from the medical evidence; and (8) the Magistrate Judge erred by stating that a medical provider cannot be deliberately indifferent if she provides some form of treatment.

Plaintiff first argues that the Magistrate Judge incorrectly stated that he is an inmate at the Ionia Correctional Facility. This is immaterial; the analysis in the R&R and the conclusions reached therein did not depend on Plaintiff's present facility.

Second, Plaintiff argues that the Magistrate Judge incorrectly indicated that the incidents in the complaint occurred at Alger. As with the first objection, the location of the incidents is immaterial to the complaint and unrelated to the substantive findings in the R&R.

Plaintiff's third objection is frivolous. The two references to a "single affidavit" are contained in explanatory parentheticals attached to case citations. (*See* Dkt. No. 151, at 4.)

While the Magistrate Judge later discussed Defendant Wilson's affidavit, he never stated that her affidavit was the only affidavit filed. (*Id.* at 9, 13.) Neither reference to an affidavit is evidence of prejudice.

Objections four and six are the same objection and are both frivolous. While the Magistrate Judge did not cite to Plaintiff's affidavit or exhibits (Dkt. No. 138), that does not mean that these documents were not considered. Nevertheless, the Court has re-examined Plaintiff's affidavit and exhibits in light of his objection. The material contained therein does not create a genuine issue of material fact as to whether Defendant Wilson acted with a culpable state of mind. She clearly did not , and the Court agrees with the Magistrate Judge's decision not to cite Plaintiff's documents.

In objection five, Plaintiff argues that the Magistrate Judge should have ruled on his Rule 56(d) affidavit seeking to extend discovery. Plaintiff is correct in this regard, and the Court will address the merits of the request at this time.

Rule 56(d) provides that the Court may grant leave for more discovery under the following scenario:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Plaintiff was afforded a full opportunity for discovery (*see* Dkt. No.

3

45), and has not shown that further discovery is necessary. Plaintiff's complaint alleges that when he was in the Chippewa segregated housing unit on November 28, 2009, "RN JANE DOE" palpitated his thigh and concluded that the swelling was minimal despite the fact that the severe extent of his injury was manifestly obvious. (Dkt. No. 1, at ¶ 57.) While Plaintiff did not identify RN Jane Doe as Defendant Wilson until after the discovery period had concluded, the discovery Plaintiff claims he still needs to conduct – attaining copies of his complete medical record, of a video of the incident in question, and of custody logs – could have been conducted in the four month discovery period provided by the Magistrate Judge. (*See* Dkt. No. 45.) To the extent Plaintiff was unsuccessful in his efforts to discover these materials during that time frame, he has not demonstrated that he sought these materials in a manner *authorized* by the Federal Rules of Civil Procedure or that any party wrongfully denied him access to these materials.

Additionally, the Court notes that Plaintiff has not demonstrated that these discovery materials would enable him to adequately oppose Defendant Wilson's motion for summary judgment. "'Rule [56(d)] is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party that his opposition is meritorious.'" *Emmons v. McLaughlin*, 874 F.2d 351, 356 (6th Cir. 1989) (quoting *Willmar Poultry Co. v. Morton-Norwich Prods., Inc.*, 520 F.2d 289 (8th Cir. 1975)). Plaintiff's affidavit demonstrates a desire to conduct a fishing expedition. As Plaintiff himself admits, the basis for the substantial discovery he still wishes to conduct is that he "cannot be certain

at this time that NP Sue Wilson is not the mysterious 'RN, Jane Doe[.]'" (Dkt. No. 138, at 16.)  However, the Court is certain that Wilson was not the person identified as Jane Doe.  The Court has Defendant Wilson's affidavit, in which she swears not only that she never treated Plaintiff on the night in question, but also that she was not even employed at Chippewa on the night in question. (*See* Dkt. No. 132, Ex. 2, Wilson Aff. ¶¶ 5-6.)  Plaintiff's medical records support Defendant Wilson's affidavit and indicate that Michael G. Brown RN examined Plaintiff on November 28, 2009. (Dkt. No. 132, Ex. 2, at PageID# 1833.)  As discussed in the R&R, Brown only consulted with Defendant Wilson via telephone that night regarding Plaintiff's elevated blood pressure and pain. (Dkt. No. 151, at 9.)  This is verified by the medical records. (*Id.* at 1834.)  Plaintiff's speculation and baseless accusations do not warrant needless discovery.

Plaintiff's seventh objection is that the Magistrate Judge drew erroneous and contradictory conclusions from the medical evidence.  In particular, Plaintiff alleges that the Magistrate Judge's following assertion was false:

> Because none of this information [about the size of one of Plaintiff's legs compared to the other and whether a pulse could be felt in Plaintiff's feet] is present in the medical record from November 28, 2009, and because she has no independent recollection of being given such information, it does not appear that she was consulted on the condition of Plaintiff's leg.

(Dkt. No. 151, at 10.)  This statement is amply supported by the record.  While the medical record notes that Plaintiff complained of pain in his left leg on November 28, 2009, it does not state that Plaintiff's left leg was abnormally swollen or that a pulse could not be felt in

5

Plaintiff's feet.  (*See* Dkt. No. 132, Ex. 2, at PageID# 1831-34.)  Additionally, the medical record clearly indicates that Defendant Wilson was only consulted about Plaintiff's blood pressure and pain.  (*Id.* at 1834.)  The medical record is consistent with Wilson's affidavit.  (Wilson Aff. ¶ 8.)  Consequently, Plaintiff's objection lacks merit.

Last, Plaintiff argues that the Magistrate Judge misstated the Eighth Amendment deliberate indifference legal standard in stating that a medical provider who provided some form of treatment could not be deliberately indifferent, even if that treatment was clearly insignificant.  The Magistrate Judge did not make such a statement.  Instead, the Magistrate Judge quoted Sixth Circuit precedent for the notion that where "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." (Dkt. No. 151, at 12 (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976)).)  However, neither *Westlake* nor the Magistrate Judge implied that where some care was provided no further analysis was needed.  As *Westlake* explained, "in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all."  537 F.2d at 860 n.5 (citing *Tolbert v. Eyman*, 434 F.2d 625, 626 (9th Cir. 1970)).  Accordingly, the Magistrate Judge noted his reluctance to second guess the medical judgment of Defendant Wilson, but further found that "[t]here is no evidence that Defendant Wilson acted with a culpable state of mind in treating Plaintiff or that Defendant Wilson's actions or omissions were sufficiently harmful to rise to the level of deliberate indifference

to serious medical needs." (Dkt. No. 151, at 13.)  Thus, the Magistrate Judge did not misquote or misapply the law governing deliberate indifference.

In sum, Plaintiff's objections will be overruled and the Magistrate Judge's R&R will be approved and adopted.  An order consistent with this opinion will be entered.


Dated: July 16, 2013                              /s/ Robert Holmes Bell
                                                  ROBERT HOLMES BELL
                                                  UNITED STATES DISTRICT JUDGE