UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN JOSPEH SHULICK,

        Plaintiff,                                  Case No. 2:11-cv-73

v.                                                   HON. ROBERT HOLMES BELL

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

**MEMORANDUM OPINION AND ORDER APPROVING AND ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court deny Plaintiff's motion. The matter is presently before the Court on Plaintiff's objections to the R&R. In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made. The Court overrules the objections and issues this Memorandum Opinion and Order.

Plaintiff's objection makes several observations and offers some commentary about the Magistrate Judge's R&R, but the gravamen of his objection is to "the lack of any ruling by the magistrate . . . concerning whether Defendants are entitled to qualified immunity under the facts and law of this case." (Pl.'s Obj., Dkt. No. 200 at 2.) Plaintiff is correct that the Magistrate Judge did not explicitly recommend a ruling on Defendants' affirmative defense of qualified immunity. However,

Plaintiff's motion was also, in the alternative, one for full summary judgment on the merits. (Mot. Summ. J., Dkt. No. 163 at 1.) The Magistrate Judge focused his R&R on the disputed facts issues in this case and correctly concluded that genuine issues of material fact (as evidenced by the conflicting affidavits filed in this case) preclude an entry of judgment as a matter of law in Plaintiff's favor. (R&R, Dkt. No. 180 at 8–9.)

As to qualified immunity, such is available as an affirmative defense to a government official who, through his or her discretionary acts, does not violate a clearly established constitutional right of which a reasonable person would be aware. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is not, however, a defense to liability. *Klein v. Long*, 257 F.3d 544, 550 (6th Cir. 2001). Rather, "its purpose is to shield the official from suit altogether, saving him or her from the burdens of discovery and costs of trial." *Id.* (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Therefore, because the dispute in this case hinges not on the legal question of whether Defendants are entitled to qualified immunity, but on the genuine fact issues regarding Defendants' liability, the Magistrate Judge was correct not to recommend a holding on qualified immunity.

Finally, as the Magistrate Judge noted in the R&R and Defendants noted in their response, Plaintiff's motion for summary judgment was filed more than a year after the deadline for dispositive motions. When a scheduling order has issued establishing deadlines for when dispositive motions may be filed, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[A] determination of the potential prejudice to the nonmovant . . . is required when a district court decides whether or not to amend a scheduling order. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). A party "prejudices his opponent by missing the trial court's scheduled deadlines." *Salyers v. City of Portsmouth*, ___ F. App'x ___, 2013 WL 4436536, at *6

(6th Cir. Aug. 21, 2013) (citing *Priddy v. Edelman*, 883 F.2d 438, 446–47 (6th Cir. 1989)). Further, a district court does not abuse its discretion when the moving party fails to show good cause for a modification of the scheduling order. *Leary*, 349 F.3d at 909. Here, Plaintiff has not attempted to establish any cause why his motion was so late, let alone advanced an argument as to why such a late motion would not prejudice his opponent. Therefore, even if there were merit to Plaintiff's substantive objection, his motion is not properly before the Court, and would be denied.

For the foregoing reasons, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Accordingly,

**IT IS HEREBY ORDERED** that the Plaintiff's Objections (Dkt. No. 200) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's January 27, 2014, R&R (Dkt. No. 180) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 163) is **DENIED**.

Dated: February 14, 2014  /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE